a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDGAR TIBAKWEITIRA JULIAN, Petitioner | CASE NO. 1:18-CV-1108; SEC P |
| VERSUS | JUDGE DRELL |
| JEFFERSON SESSIONS III, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Edgar Tibakweitira Julian ("Julian") (A#206755696)[1]. Julian is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Julian challenges his continued detention pending removal.

Because Julian has not been in post-removal-order detention for more than six months, his habeas petition is premature.

I. Background

Julian is a native and citizen of Tanzania. On March 31, 2015, Julian entered a guilty plea in the United States District Court for the District of Maryland to conspiracy to commit wire fraud and aggravated identity theft. (Case No. 8:13-CR-

---

[1] Julian's petition for review pending in the United States Court of Appeals for the Fifth Circuit was filed under the name Edgar Tibakweitira. (Case No. 18-60459, 5th Cir.).

0294, D. Md.). Julian was sentenced to fifty-seven months of imprisonment. (Case No. 8:13-CR-0294, D. Md.). Julian was released from the custody of the Bureau of Prisons into ICE custody on August 2, 2017.

A final administrative removal order of removal was issued on September 6, 2017. (Doc. 1-3, p. 2). On December 22, 2017, the immigration judge denied Julian's application for withholding of removal. (Doc. 1, p. 2). Julian appealed to the Board of Immigration Appeals ("BIA"). On June 6, 2018, the Board affirmed the immigration judge's decision. (Doc. 1-2, p. 8). Julian filed a petition for review in the Fifth Circuit, which remains pending. (Case No. 18-60459, 5th Cir.). The Fifth Circuit denied Julian's request for a stay of removal pending review. (Case No. 18-60459, 5th Cir.).

## II.   Law and Analysis

Julian was held in pre-removal order detention under 8 U.S.C. § 1226 while his immigration proceedings were pending, from August 2, 2017 through June 6, 2018. On June 6, 2018, the BIA denied Julian's appeal, and his removal order became final. See 8 C.F.R. § 1241.1. Since then, Julian has been in post-removal order detention. See 8 U.S.C. § 1231.

Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Detention

for up to six months after the removal order becomes final is presumptively reasonable. Id.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.

Because Julian's removal order became final in June, Julian has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in Zadvydas. Thus, Julian's habeas petition should be dismissed as premature. See Okpoju v. Ridge, 115 F. App'x 302 (5th Cir. 2004), cert. denied, 544 U.S. 1066 (2005); see also Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011); Agyei-Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Julian's petition be **DISMISSED** without prejudice as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of September, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge